Gaston, 3.
 

 We see no sufficient reason to doubt of the correctness of the opinion expressed by his Honor. The law prescribes that all actions upon the case shall be brought within three years
 
 next
 
 after the cause of action, and not after. The undertaking of the defendant was, to go to Georgia, there sell a negro of the plaintiff’s intestate and collect his hire, and with the proceeds of the said sale and hire pay off,
 
 upon his return to this
 
 State, Boykin’s judgment. Now this undertaking was broken, whereupon the defendant’s return to this State, instead of applying these proceeds to the discharge of the judgment, he appropriated them to his own use. Thereupon the cause of action arose. The case of
 
 Topham v
 
 Braddick, 1 Taunt. 572, referred to in the argument of the plaintiff’s counsel, belongs to that class of cases, where, by the express or implied terms of the contract, the defendant is not bound to perform his engagement, until after a demand or request made. There such demand or request is in the nature of a condition precedent, and there is no breach of the defendant’s promise, and of course no cause of action arises, until such, demand or request be made. Nor is the case before us analogous, as is insisted, to the ordinary case of principal and surety. The promise of the principal to the surety is simply a promise of indemnity — to save the latter from damage by reason of the responsibility incurred at the principal’s request. This promise is not broken, and consequently no action arises to the surety, until the latter hath sustained damage. Here the engagement of the defendant was, not to indemnify the plaintiff’s intestate from liability on Boykin’s judgment, but directly and definitively to apply certain moneys of the plaintiff, that should come into'the defendant’s hands, to the
 
 *484
 
 payment of that judgment. When this engagement was broken, the intestate, without waiting to discharge Boykin’s judgment, might instantly have brought his action against the defendant.
 

 As to the matters stated in the case, .tending to shew that the plaintiff’s intestate had been
 
 kept
 
 in ignorance, or had been deceived by the defendant in regard to the breach of the defendant’s engagement — or furnishing some excuse for the delay in bringing this suit, we have only to say, that in a court of [aw they cannot avail to take tne case out of the .operation of the statute.
 
 Hamilton v Sheppard, 3 Murph.
 
 115. Whether they can be urged with more .effect in another tribunal, it is unnecessary to enquire. The judgment of the Superior Court is affirmed.
 

 Per Curiam. J u.d gment affirmed.